# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 05-0035 |
| vs. | **REPORT AND RECOMMENDATION** |
| JEFFERY LYNN ANDERSON, | |
| Defendant. | |

_____

This matter comes before the court pursuant to the petition for return of seized property filed in this matter by Tom Whitters (docket number 39). This matter was referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation. The court held an informal hearing in this matter on October 23, 2006, at which the government was represented by Assistant United States Attorney Marty McLaughlin. The claimant appeared pro se and was accompanied by his brother and legal guardian, John Whitters. It is recommended that the petition for return of seized property be granted.

The court makes the following findings of fact and conclusions of law. On April 7, 2005, the Grand Jury for the Northern District of Iowa returned a one-count indictment. It charged defendant Jeffery Lynn Anderson with knowingly possessing a Remington, 20 gauge Wingmaster model 870 shotgun and two shotgun shells after having previously been committed to a mental institution. 18 U.S.C. § 922(g)(4). The indictment contained a criminal forfeiture allegation with respect to the firearm and ammunition. The indictment was superseded on May 5, 2005, and the government charged that the defendant was also an unlawful user of methamphetamine in possession of the same shotgun and ammunition. On September 12, 2005, the defendant appeared before the undersigned Magistrate Judge and pleaded guilty to Count 1 of the superseding indictment. By order dated September

1

13, 2005, Jeffery Anderson's interest in the firearm and ammunition was forfeited to the United States.

Tom Whitters suffered a very serious brain injury as a result of an automobile accident in 1981. He is completely disabled as a result of this injury and receives Social Security benefits. His brother, John Whitters, is his guardian and John Whitters' wife takes care of Tom Whitters' finances. It was obvious at the hearing that while Tom Whitters functions, he does not function well. He responded appropriately to the questions asked by the court and Mr. McLaughlin but was completely unable to provide details such as dates and times.

The 20 gauge shotgun was purchased by Tom Whitters at a K-Mart store and was used by him to hunt rabbits and pheasants. Whitters was a friend of Jeffery Anderson. Whitters used cocaine with Anderson on one occasion but the record does not reflect when that happened. After defendant Anderson was arrested on the charge noted above, the police questioned Tom Whitters about the gun. Tom Whitters did not know that Jeffery Anderson had the shotgun at that time. Tom Whitters thought it was in a gun case in his residence with other guns that he still owns.

John Whitters informed the court that Tom Whitters is easily taken advantage of because of his mental disability. John Whitters supports his brother's request for the return of this firearm but made it clear to the court that he and other family members would not give Tom Whitters access to the gun without supervision.

However, whether or not it is a good idea for Tom Whitters to possess a firearm is not the issue in this case. Pursuant to 21 U.S.C. § 853(n)(6), Mr. Whitters has established by a preponderance of the evidence that his right, title, or interest in the firearm was vested in him and that that right, title, and interest was superior to any interest that the defendant Jeffery Anderson had in his mere possession of the firearm.

At the hearing, the government noted that the petitioner had used cocaine with defendant Anderson on one occasion. This is not sufficient to establish the prohibition against possessing firearms found in 18 U.S.C. § 922(g)(3).[1] The government wanted to know more about the petitioner's disability but the time for discovery is over. There is no evidence to suggest that the petitioner has ever been adjudicated as a mental defective or has ever been committed to a mental institution. 18 U.S.C. § 922(g)(4).

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[2] to the Report and Recommendation within ten (10) days of the date of the

---

[1] The regulations interpreting 18 USC 922(g)(3) define an unlawful user of controlled substances as follows:
> Unlawful user of or addicted to any controlled substance. A person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance; and any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year.
>
> 27 C.F.R. § 478.11

[2] Any party who objects to this report and recommendation must serve and file
(continued…)

report and recommendation, that the petition for return of seized property filed by Tom Whitters (docket number 39) be granted.

November 2, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

(…continued)
specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.